## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  | : |  |
|---|---|---|
| IN THE MATTER OF | : | MISCELLANEOUS CASE |
|  | : |  |
|  | : |  |
| SEIZURE OF FUNDS IN CITIZENS | : |  |
| BANK ACCOUNT #******0651 | : |  |
| IN THE NAME OF | : |  |
| 4 ENTERTAINMENT CORPORATION | : | NO. |

## O R D E R

AND NOW, this _____ day of _____, 2020, upon consideration

of the government's motion under 18 U.S.C. § 983(a)(3) to extend for 60 days the period of time

to obtain an indictment or file a complaint seeking forfeiture of the above-listed property, for

good cause shown, the motion is GRANTED.  The time period within which the government

must obtain an indictment or file a complaint in this matter with regard to the claim filed by

Kariem Dubose is extended to October 15, 2020.

_____
**United States District Judge**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| IN THE MATTER OF | : | **MISCELLANEOUS CASE** |
| | : | |
| | : | |
| **SEIZURE OF FUNDS IN CITIZENS** | : | |
| **BANK ACCOUNT #******0651** | : | |
| **IN THE NAME OF** | : | |
| **4 ENTERTAINMENT CORPORATION** | : | NO. |

**MOTION OF UNITED STATES OF AMERICA
FOR EXTENSION OF TIME TO OBTAIN INDICTMENT
OR FILE FORFEITURE COMPLAINT**

The United States of America, by its attorneys, William M. McSwain, United

States Attorney for the Eastern District of Pennsylvania, Sarah L. Grieb, Chief, Asset Forfeiture

and Financial Litigation Unit, and J. Jeanette Kang, Assistant United States Attorney, pursuant to

18 U.S.C. § 983(a)(3), requests this Court to extend the period of time in which the government

may obtain an indictment or file a civil complaint seeking forfeiture of the above-listed property

for 60 days.  In support of the motion, the government avers as follows:

1.      On April 13, 2020, pursuant to an investigation by the United States Postal

Service Office of Inspector General ("USPS-OIG") and United States Postal Inspection Service

("USPIS"), agents seized $47,813.09 from Citizens Bank Account #6310090651 in the name of

"4 Entertainment Corporation." Law enforcement officers seized the currency at the time for

forfeiture as property involved in violation of federal law.

2.       On or about May 13, 2020, as required by law, USPS-OIG sent direct notice to all parties known to have an interest in the property regarding the agency's intention to forfeit the seized currency.

3.       On May 18, 2020, Kariem Dubose filed a claim seeking to contest the forfeiture of the seized currency, specifically the $47,813.09 from Citizens Bank Account #******0651.

4.       The Civil Asset Forfeiture Reform Act, 18 U.S.C. § 983, *et seq*. provides that, within 90 days after a claim for the return of property is filed, the government must obtain an indictment listing the seized property as being subject to forfeiture and take other steps necessary to preserve the seized property, file a civil complaint for forfeiture of the seized property, or obtain a court order extending the time period for good cause shown or upon agreement of the parties, as provided under federal law.  *See* 18 U.S.C. § 983(a)(3)(A) and (B). Also, if the government does not obtain an indictment listing the seized property as being subject to forfeiture, file a civil forfeiture complaint, or obtain an extension of time, the government must release the property and not take any further civil forfeiture action against the property.  *See* 18 U.S.C. § 983(a)(3)(B).

5.       The government was required to obtain an indictment listing the seized property as being subject to forfeiture, file a civil complaint for forfeiture, or obtain an extension of time in this case, on or before August 16, 2020, with Kariem Dubose's claim.

6.       By this motion, the government, pursuant to 18 U.S.C. § 983(a)(3)(A), requests an extension of time of 60 days from the filing deadline, to obtain an indictment listing the seized property as being subject to forfeiture or file a civil complaint for forfeiture in this matter.  For Kariem Dubose's claim, the government requests an extension of time to October

15, 2020, to obtain an indictment or file a complaint.  The government submits that good cause exists to grant relief in this instance.

7.      On March 13, 2020, the Chief Judge of this Court entered a Standing Order providing that, as a result of the emergency presented by the coronavirus disease COVID-19, all civil and criminal jury trials scheduled to begin between March 13, 2020, and April 13, 2020, before any district or magistrate judge in any courthouse in the Eastern District of Pennsylvania are continued pending further Court order. The Chief Judge described actions of public health authorities to limit the spread of the virus, and further described the impact of COVID-19 on the availability of jurors.

8.      On March 18, 2020, the Chief Judge entered a supplemental Standing Order, stating in part:

> Developments during the short time since the March 13, 2020, Standing Order was issued reinforce the Court's finding, with regard to criminal jury trials, that the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. On March 15, 2020, the Centers for Disease Control and Prevention issued interim guidance recommending the cancelation of gatherings of more than 10 people for organizations that serve higher-risk populations. The following day, the President of the United States issued guidance recommending that people not gather in groups of more than 10 people for the ensuing 15 days. These developments further impede the Court's ability to proceed with jury selection and jury trials at this time. In addition, the Bureau of Prisons' suspension of most legal visitation for a 30-day period beginning March 13, 2020, will limit defense counsel's ability to effectively prepare for trial.

> Because the developments regarding COVID-19 in this district outlined above and in the March 13, 2020, Standing Order also adversely affect the Court's ability to maintain the continued operation of grand juries, it is ORDERED the deadlines for filing an indictment or information set forth in 18 U.S.C. § 3161(b) and (d)(1) are CONTINUED in every matter in this district. The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. The time period of any continuance entered as a result of this Standing Order shall therefore be excluded under the Speedy Trial

- 3 -

Act, 18 U.S.C. § 3161(h)(7)(A). Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

9.      On April 10, 2020, the Chief Judge issued an additional Standing Order extending the suspension of grand jury meetings through May 31, 2020. In explaining his Order, the Chief Judge described the worsening conditions caused by the COVID-19 outbreak since the entry of the earlier standing orders, the additional restrictions imposed by public health officials in response to those conditions, and the unavoidable impact of those circumstances on the ability to conduct grand jury proceedings.

10.      On April 30, 2020, the Chief Judge issued an additional Standing Order extending the 90-day deadline established at 18 U.S.C. § 983(a)(3)(A) for the filing of a civil forfeiture complaint or inclusion of an asset in a criminal indictment, in which the Eastern District of Pennsylvania has venue, following a federal agency's receipt of a timely administrative claim between January 21, 2020, and April 30, 2020, to 150 days instead of the statutory 90-day period.  The Chief Judge found that, in light of the COVID-19 pandemic, compliance with the statutory deadlines under 18 U.S.C. § 983, is likely to endanger the life or physical safety of the government employees and contractors responsible for carrying out the duties of the agencies' administrative forfeiture programs, justifying the 60-day extension of the deadline pursuant to 18 U.S.C. § 983(a)(3)(A).

11.      On May 29, 2020, the Chief Judge issued an additional Standing Order extending the suspension of grand jury meetings through June 30, 2020. In explaining his Order, the Chief Judge described the significant threat that COVID-19 continues to pose, the stay-at-home orders in the area that remain in place, and the continuing guidance from the Centers for Disease Control that individuals stay home as much as possible, refrain from gathering in groups,

avoid using public transportation, ridesharing, or taxis, refrain from non-essential travel, and

maintain at least six feet of physical distance from others outside the home. The Chief Judge

explained that these circumstances continue to significantly impact court operations in this

district, including the ability to proceed with grand jury meetings and jury trials. The Chief Judge

concluded:

> The Court finds the ends of justice served by granting a continuance
> outweigh the best interest of the public and each defendant in a speedy
> trial. Because of the temporary unavailability of a grand jury in this
> district due to ongoing COVID-19 public health emergency, it is
> unreasonable to expect return and filing of an indictment within the period
> specified under § 3161(b). *See* 18 U.S.C. § 3161(h)(7)(B)(iii). In
> computing the time within which an indictment or information must be
> filed under 18 U.S.C. § 3161(b) or (d)(1), the additional period of time
> from May 31, 2020, through June 30, 2020, shall be excluded under the
> Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), in all cases in this district.
> This period of exclusion is in addition to the period of exclusion
> previously granted for the time period from March 18, 2020, through May
> 31, 2020. The Court may extend the period of exclusion as circumstances
> warrant. Any motion by a criminal defendant seeking an exception to this
> Standing Order for the purpose of exercising the defendant's speedy trial
> rights shall be referred to the Chief Judge.

12.     On June 30, 2020, the Chief Judge issued an additional Standing Order

anticipating the possibility of impaneling grand juries in July 2020. However, the Chief Judge

further recognized that due to the eCOVID-19 pandemic, grand juries continue to be unavailable

to the district due to the public health situation. The Chief Judge explained that these

circumstances continue to significantly impact court operations in this district, including the

ability to proceed with grand jury meetings and jury trials. The Chief Judge concluded:

> Because grand juries continue to be unavailable in this district at this time
> due to the current public health situation, the deadlines for filing an
> indictment or information under 18 U.S.C. § 3161(b) and (d)(1), which
> were previously continued in the Standing Orders issued on March 18,
> April 10, and May 29, shall remain continued through the earlier of July
> 31, 2020, or the date the requisite quorum of grand jurors is obtained to
> consider the particular matter. The Court finds the ends of justice served

by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. In light of the temporary unavailability of a grand jury in this district due to the ongoing COVID-19 public health emergency, it is unreasonable to expect return and filing of an indictment within the period specified under § 3161(b). See 18 U.S.C. § 3161(h)(7)(B)(iii). In computing the time within which an indictment or information must be filed under 18 U.S.C. § 3161(b) or (d)(1), the additional period of time from June 30, 2020, through the earlier of July 31, 2020, or the date the requisite quorum of grand jurors is obtained to consider the particular matter shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), in all cases in this district. This period of exclusion is in addition to the period of exclusion previously granted for the time period from March 18, 2020, through June 30, 2020. The Court may extend the period of exclusion as circumstances warrant. Any motion by a criminal defendant seeking an exception to this Standing 3 Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

13.     As the Chief Judge found, the crisis presented by COVID-19 affects the orderly operation of the criminal justice system. Restrictions on public movement impede the ability of law enforcement officials to gather evidence, meet with witnesses, and present evidence to a grand jury, and, as the Chief Judge stated, limit the ability of defense counsel to meet with clients and otherwise prepare a defense.

14.     In this particular case, the government estimates that it requires the continuance requested here in order to complete its investigation. The government needs to obtain and review additional information relating to the seizure of the subject funds before it can conclude its investigation.  However, obtaining information pertinent to this matter has been slowed and made more difficult due to COVID-19.  The requested extension of time also will enable the government to identify legal and factual issues involving the seizure and forfeiture of the subject currency, and to fully consider the claim for the return of the seized currency. Moreover, the government advises that there is at present very limited grand jury availability and

not all grand juries are running, which impacts the government's ability to seek forfeiture through an indictment.

15.     The government submits that the requested extension of 60 days is reasonable under the circumstances.  The government also submits that the requested extension of time is made in good faith and is not intended to unduly delay these proceedings.   This request is the government's first request for an extension of time to obtain an indictment or file a complaint, and it will not unduly prejudice the claimant.

WHEREFORE, based on the foregoing, the government requests that this Court grant the motion.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney


SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and Financial Litigation


*/s/ J. Jeanette Kang*_____
J. JEANETTE KANG
Assistant United States Attorney


Date: July 27, 2020

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that a true and correct copy of the MOTION OF UNITED

STATES OF AMERICA FOR EXTENSION OF TIME TO OBTAIN INDICTMENT OR FILE

FORFEITURE COMPLAINT was served by first class mail:

Kariem Dubose, Claimant
6 Benedette Drive
Waterford Works, NJ 08089

*/s/ J. Jeanette Kang*
J. JEANETTE KANG
Assistant United States Attorney

Date: July 27, 2020